# Sollinger's Estate (No. 1).

*Parent and child—Illegitimates—Legitimation by marriage—Cohabitation—Act of May* 14, 1857. *P. L.* 507.

1. Where a child is born out of lawful wedlock, the mere fact that the parents were subsequently duly married, will not legitimate such a child, if the marriage was not followed by cohabitation.

2. The object of the Act of May 14, 1857, P. L. 507, was intended not only to legitimate offspring otherwise illegitimate but to establish the family relation, so that the public would be relieved from the burden of the care of children for whom no legitimate caretakers had been provided.

Argued April 27, 1909. Appeal, No. 177, April T., 1909, by Frank Sollinger, from decree of O. C. Allegheny Co., May T., 1908, No. 99, dismissing exceptions to adjudication in Estate of Mary Sollinger, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Daniel Harrison*, for appellant, cited: McConnell's App., 97 Pa. 31; Barnett v. Kimmell, 35 Pa. 13.

*J. M. Nevin* and *J. M. Morrison*, for appellee, cited: Yardley's Est., 75 Pa. 207.

OPINION BY BEAVER, J., July 14, 1909:

The appellant, confessedly born out of wedlock, sought a share in the distribution of the estate of Mary Sollinger, a sister of his reputed father. He claims to be legitimated under the provisions of the Act of May 14, 1857, P. L. 507, which are as follows: "That in any and every case where the father and mother of an illegitimate child or children shall enter into the

bonds of lawful wedlock and cohabit, such child or children shall thereby become legitimated, and enjoy all the rights and privileges as if they had been born during the wedlock of their parents."

The adjudicating judge found as a matter of fact, upon abundant evidence, that the father and mother of the appellant were duly married subsequent to his birth, the certificate of marriage being produced and the testimony of witnesses who were present at the ceremony being taken with much particularity. The court, however, also finds, upon testimony quite as voluminous and exact, that the parties to this marriage ceremony never cohabited thereafter and the court reaches the legal conclusion, based upon the act of assembly, that the mere marriage ceremony was not of itself sufficient to entitle the appellant to share in the estate of the sister of his father, which was in the hands of the court for distribution.

The force of the findings of fact by the adjudicating judge, affirmed by the court in banc, is practically admitted, but it is argued for the appellant that the provision in the Act of May 14, 1857, P. L. 507, which provides for cohabitation of those who shall enter the marriage relation for the purpose of legitimating their offspring is directory and not mandatory and that the act is to be liberally construed in favor of those claiming the benefit of its provisions.

The provisions of the act are very simple. They are embraced within a single sentence. Precisely the same words which require wedlock require cohabitation. They cannot be separated, and the one is as essential to the legal attainment of the object in view as the other. The reasons for the law are obvious. It was intended not only to legitimate offspring otherwise illegitimate but to establish the family relation, so that the public would be relieved from the burden of the care of children for whom no legitimate caretakers had been provided.

No question is raised as to the fact of the birth of the appellant prior to the act of assembly referred to, for the reason that, by the Act of April 21, 1858, P. L. 413, it was provided that the former act "shall be taken to apply to all cases within the terms

of that act prior to its date, as well as those subsequent thereto: Provided, That no estate already vested shall be divested by this act."

The testimony shows that the marriage in this case was designed to avoid a threatened prosecution and the obligation growing out of the support of a bastard child. It is clear to our mind that the reason for the act contemplated no such result, and hence, in order to avoid it, the necessity for cohabitation.

The establishment of the family relation was made an essential element of the act, in order to reach the beneficent results for the unfortunate children and society contemplated by its provisions. The facts having been found upon abundant evidence, we think the conclusion reached by the orphans' court was correct.

Decree affirmed and appeal dismissed at the costs of the appellant.