Commonwealth ex rel. Dittman *v.* Dittman, Appellant.

Argued October 2, 1953. Before Rhodes, P. J., Hirt, Reno, Ross, Gunther and Wright, JJ.

*Maximillian J. Klinger,* for appellant.

*Morton J. Sablosky,* for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

The sole question in this appeal is the construction of the word "cohabit" in the Act of May 14, 1857, P. L. 507, §1, 48 PS §167, which provides that "where the father and mother of an illegitimate child or children shall enter into the bonds of lawful wedlock and cohabit, such child or children shall thereby become legitimated." Relatrix and respondent were married in 1949, some twenty-one months after their illegitimate child was born. They spent only one night together at a motel, two days after the marriage, at which time they engaged in intercourse. Relatrix now seeks support for the child. The court below held that the single act of intercourse was sufficient to prove cohabitation within the meaning of the statute and entered an order of support against respondent.

The respondent, in this appeal, relies primarily on two Pennsylvania cases. The first is *Yardley's Estate,* 75 Pa. 207, which involved the question of cohabitation for the purpose of proving a common law marriage. That case is clearly inapplicable to the case at bar, since there was a valid ceremonial marriage here. The other case is *Sollinger's Estate,* 40 Pa. Superior Ct. 3. That case involved the statute here in question, but the facts disclosed only a marriage ceremony and nothing further, and therefore shed no light on the definition of cohabitation.

The only Pennsylvania cases in which the issue was fairly presented are *Clauer's Appeal,* 11 W.N.C. 427, in which it was held that there was sufficient cohabitation within the meaning of the statute where the husband visited the wife four to eight times over a period of six months and occupied the same room; and *Agnew's Estate,* 1 Dist. 109, where the parties lived together for five days, which was held to be sufficient. Both cases state that the Act of 1857 should be liberally construed, a principle with which we are in strong accord. The purpose of the statute was to provide means for legitimating bastards, and facts tending to show compliance therewith should not be overcome by technicalities.

The respondent seeks to establish a meaning of cohabitation which would require a living together for a considerable period of time, irrespective of sexual intercourse. Such interpretation may have merit where the issue is the proof of a common law marriage; but here the question is one of giving a child a status of legality.

The intentions of the parties hereto are all-important. The respondent was in the armed forces at the time of the marriage and had no home available for his wife, hence their selection of a motel. Respondent testified that he intended to secure a home for his wife and child and took steps to achieve that goal. There is further testimony in the record to establish that the marriage was consummated for the purpose of legitimating the child. Can we now permit the respondent to escape the results he intended at the time? The evidence clearly establishes that he spent a night with his wife as a consummation of their marriage and as a beginning of life together as man and wife. The fact that relatrix may have caused a cessation of cohabitation and thus shortened the duration of their relation-

ship cannot now be used as a means to refuse support of the child. We cannot say that this statute requires any particular duration of cohabitation or amount of intercourse, but in the circumstances of this case, we hold that the one act of spending the night together was sufficient to constitute cohabitation within the meaning of the statute.

Order affirmed.